UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x

ALICE JORDAN,

                Plaintiff                          COMPLAINT AND DEMAND
                                                                             FOR JURY TRIAL

      -against-

ABC FINANCIAL SERVICES, INC.,

                Defendant

------------------------------------------------------------x

## I.     PRELIMINARY STATEMENT

1.     Plaintiff, ALICE JORDAN, brings this action for the illegal practices of the above-named Defendant who, used debt collection practices which are prohibited by the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") in connection with attempts to collect an alleged debt allegedly owed by the Plaintiff.

2.     The Plaintiff seeks statutory damages, attorney fees, costs, and all other relief as deemed appropriate by this Court.

## II.  PARTIES

3.     The Plaintiff is a natural person.

4. At all times relevant to this Complaint, the Plaintiff was a citizen of, and resided in Brooklyn, Kings County, New York.

5. At all times relevant to this Complaint, the Defendant ABC FINANCIAL SERVICES, INC. (ABC) is a corporation which maintains a principal place of business located in Sherwood, Arkansas.

6. The Defendant collects, and attempts to collect, debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone, and Internet.

7. The Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

### III. JURISDICTION & VENUE

8. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1332.

9. Venue is appropriate in this federal district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events giving rise to the claims of the Plaintiff occurred within this federal judicial district, and because the Defendant is subject to personal jurisdiction in the State of New York at the time this action is commenced.

### IV. FACTS CONCERNING THE PLAINTIFF

10. Sometime in October, 2015 the Plaintiff joined a fitness club doing business as "Retro Fitness" located in Brooklyn, New York.

11. The Plaintiff's fitness membership also allowed her 15 year old daughter to utilize

the Retro Fitness facilities.

12. Shortly after the Plaintiff joined Retro Fitness she became ill and could no longer utilize the Retro Fitness facilities.

13. The Plaintiff advised authorized persons employed by Retro Fitness of her illness and inability to utilize the health facilities any longer.

14. Said persons advised the Plaintiff to provide a medical note from her doctor in order to cancel her membership.

15. The Plaintiff provided the requested medical proof.

16. Despite providing the requested medical proof for the purpose of cancelling her membership a person employed by the Defendant who identifies herself as Linda Carter has been contacting the Plaintiff via telephone and advising her that her 15 year old daughter is indebted to Retro Fitness.

17. The statements made by Linda Carter are materially false, deceptive and misleading in that the Plaintiff's daughter is a minor who is legally unable to enter into an enforceable contract and who otherwise never signed any contract(s) with Retro Fitness.

18. The alleged obligation sought to be collected by Linda Carter is a "debt" as defined by 15 U.S.C. §1692a(5).

19. The Plaintiff, at all times relevant to this lawsuit, is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

20. The Plaintiff is informed and believes, and on that basis alleges, that Retro Fitness either directly or through intermediate transactions assigned, placed, transferred, or sold the alleged debt to the Defendant for collection.

21. As a result of the Defendant's violative conduct the Plaintiff suffered actual

damages including anxiety, stress and worry.

## V. FIRST CAUSE OF ACTION

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

21. Plaintiff realleges and incorporates by reference the allegations in the preceding paragraphs of this Complaint.

22. Defendant violated 15 U.S.C. § 1692e(2)(A) by misrepresenting the character and legal status of an alleged debt;

23. Defendant violated 15 U.S.C. § 1692e(10) by using false representations and deceptive means to collect an alleged debt;

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in the favor of the Plaintiff as follows:

(i)  An award of the maximum statutory damages as are allowed pursuant to 15 U.S.C. sec. 1692k(a)(2)(A);

(ii)  Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

(iii)  Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(B)(3); and

(iv)  For such other and further relief as may be just and proper.

## VII. JURY DEMAND

Plaintiff hereby demands that this case be tried before a Jury.

DATED:   New York, New York
         February 5, 2016

>                      */s/  Robert L. Arleo*
>                      ROBERT L. ARLEO
>                      ROBERT L. ARLEO, ESQ. P.C.
>                      380 Lexington Avenue
>                      New York, NY 10168
>                      Telephone:  (212) 551-1115
>                      Facsimile:   (518) 751-1801
>
>                      *Attorney for the Plaintiff*